# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

RAYMOND D. THOMPSON                                                              PLAINTIFF

v.                                         4:18cv00128-JLH-JJV

UNITED STATES OF AMERICA
SOCIAL SECURITY ADMINISTRATION (SSA):
SSA Administrative Law Judge Bradley L. Davis                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Raymond D. Thompson ("Plaintiff") filed this action *pro se* pursuant to 42 U.S.C. § 1983, alleging the Social Security Administration (SSA) and Administrative Law Judge (ALJ) Bradley L. Davis have violated his constitutional right to due process. (Doc. No. 2.) Plaintiff seeks damages in the form of being awarded monthly disability benefits and "equity/damages . . . to include the cost of the litigation of this cause of action." (*Id.* at 13.) After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II. SCREENING

An action in which the plaintiff is proceeding *in forma pauperis* may be dismissed "at any time" upon a determination that (1) it is frivolous or malicious; (2) it fails to state a claim on which relief may be granted; or (3) it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pursuant to this provision, a federal court may *sua sponte* dismiss a claim that is "based on an indisputably meritless legal theory" or one that is "clearly baseless" as a matter of fact. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v.*

*Williams*, 490 U.S. 319, 327 (1989)). The *in forma pauperis* statute has been applied to dismiss claims prior to service in prisoner and non-prisoner cases alike. *See Zessin v. Neb. Health & Human Servs.*, 8:07CV247, 2007 WL 2406967 (D. Neb. Aug. 20, 2007) (collecting cases in which the Eighth Circuit and other courts have affirmed dismissals under 28 U.S.C. § 1915(e)(2)(B) in non-prisoner cases).

## III. ANALYSIS

Plaintiff was denied disability insurance benefits and supplemental security income on February 5, 2018. (Doc. No. 2 at 31-41.) Judge Bradley L. Davis held an administrative hearing and entered a written decision denying benefits. (*Id.*) Plaintiff was notified that if he disagreed with the ALJ's decision, he could seek review of the decision by the Appeals Council. (*Id.* at 28.) There is no indication (and it is unlikely given the February 14, 2018, Complaint) Plaintiff exhausted an appeal with the Appeals Council before filing this cause of action.

Nevertheless, rather than pursue review by the Appeals Council or judicial review pursuant to 42 U.S.C. § 405(g), Mr. Thompson seeks relief through 42 U.S.C. § 1983. After careful review of Plaintiff's Complaint, I find it is subject to dismissal for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

As an initial matter, Judge Davis enjoys absolute immunity from this lawsuit for damages because Plaintiff's claims are clearly based on actions taken in his official capacity. *Rehberg v. Paulk*, 566 U.S. 356, 363 (2012); *Butz v. Economou*, 438 U.S. 478, 514 (1978). Therefore, Judge Davis should be summarily dismissed from this cause of action.

The United States is also immune from suit unless it expressly has waived immunity and consents to be sued. *See, e.g.*, *United States v. Mitchell*, 445 U.S. 535, 538 (1980). "It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be

sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

An action brought against a federal agency - the SSA in this case - is essentially one brought against the United States. Therefore, the SSA cannot be sued absent an express waiver of that immunity. Likewise, the Commissioner cannot be sued absent an express waiver, for sovereign immunity applies with equal force to suits against a federal employee sued in his or her official capacity. *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963).

A *limited waiver* of sovereign immunity permitting review of the denial of social security disability exists in 42 U.S.C. § 405(g). The statute, in pertinent part, states, "Any individual after any final decision of the Commissioner made after a hearing to which he was a party, . . . , may obtain judicial review of such decision by a civil action. . . ."). So consideration must be given to whether Mr. Thompson should be allowed to proceed with this cause of action by converting it to an appeal under § 405(g).

In considering this question, I note Mr. Thompson may only seek judicial review of the Commissioner's "final decision," 42 U.S.C. § 405(g) and (h), and a "final decision" comes only after a claimant has sought review by the Appeals Council. See 20 C.F.R. §§ 416.1455 and 416.1481. Here, Mr. Thompson filed this cause of action less than two weeks after receiving notice of the unfavorable decision by the ALJ. In the absence of a decision by the Appeals Council, there has been no "final decision" by the Commissioner, and, therefore, no decision subject to judicial review under 42 U.S.C. § 405(g). Plaintiff's failure to exhaust his available administrative remedies is jurisdictional, requiring dismissal of this cause of action. *Weinberger v. Salfi*, 422 U.S. 749 (1975) (requirement of "final decision" of Commissioner is jurisdictional).

I also recognize that in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the United States Supreme Court allowed § 1983 suits as a means to seek damages against federal officials who violate an individual's constitutional rights in their individual capacities. However, Mr. Thompson's claims are clearly those of official capacity.

Even giving Mr. Thompson all benefit of the doubt, his Fourteenth Amendment due process claims are not cognizable under *Bivens*. The United States Supreme Court recently addressed what claims were cognizable through a claim under *Bivens*. The Court stated:

> [T]he Court recognized what has come to be called an implied cause of action in two cases involving other constitutional violations. In *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979), an administrative assistant sued a Congressman for firing her because she was a woman. The Court held that the Fifth Amendment Due Process Clause gave her a damages remedy for gender discrimination. *Id.*, at 248-249, 99 S.Ct. 2264. And in *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980), a prisoner's estate sued federal jailers for failing to treat the prisoner's asthma. The Court held that the Eighth Amendment Cruel and Unusual Punishments Clause gave him a damages remedy for failure to provide adequate medical treatment. *See id.*, at 19, 100 S.Ct. 1468. These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself.

*Ziglar v. Abbasi*, __ U.S. __, 137 S.Ct. 1854-55 (2017).

Because the Supreme Court has only recognized a *Bivens* remedy in the context of the Fourth, Fifth, and Eighth Amendments, Plaintiff's Fourteenth Amendment claim would present a new *Bivens* context. Therefore, in accordance with *Ziglar*, this Court would necessarily apply a "special factors" analysis to determine whether "special factors counsel hesitation in the absence of affirmative action by Congress." *Id.* at 1857 (citation and quotations omitted). In other words, are there special factors here requiring this Court - which interprets laws - to defer to those who wrote those laws.

In performing this analysis, "the existence of alternative remedies usually precludes a court from authorizing a *Bivens* action." *Id.* at 1865. Plaintiff's "alternative remedy" is under the Social

5

Security Act, 42 U.S.C. § 405(g). Section 405(g) provides that a federal court, reviewing a final decision of the Commissioner, has the power to enter a judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g)(sentence four). Since § 405(g) "creates a right and provides a special remedy, that remedy is exclusive." *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1 at 18 (1974) (other citation omitted)).

Accordingly, I find that Mr. Thompson's Complaint should be dismissed without prejudice for failure to state a claim upon which relief may be granted. Dismissal should be without prejudice so Mr. Thompson may first exhaust his administrative remedies and then seek judicial review pursuant to 42 U.S.C. § 405(g).

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 7th day of March, 2018.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE